1  PHILLIP A. TALBERT
   United States Attorney
2  KIMBERLY A. SANCHEZ
   Assistant United States Attorney
3  2500 Tulare Street, Suite 4401
   Fresno, CA 93721
4  Telephone: (559) 497-4000
   Facsimile:  (559) 497-4099
5

6  Attorneys for Plaintiff
   United States of America
7

8                    IN THE UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,              CASE NO.  1:22-MJ-00117-SAB
                                                     1:22-MJ-00114-SAB
12                  Plaintiff,
                                           STIPULATION REGARDING EXCLUDABLE
13         v.                              TIME PERIODS UNDER SPEEDY TRIAL ACT;
                                           FINDINGS AND ORDER
14  ETHAN ANDREW EVANS TINDUKASIRI,
                                           DATE: November 18, 2022
15                  Defendant.             TIME: 2:00 p.m.
                                           COURT: Hon. Sheila K. Oberto
16

17         This case is set for a preliminary hearing on November 18, 2022.  The parties agree and stipulate

18  to continue the preliminary hearing until January 6, 2023.  Defense counsel has continued to be engaged

19  in discussions and further investigation, and needs additional time to conclude that process.

20         On May 26, 2021, the Court issued General Order 631, which provided for a reopening of the

21  courthouse in June 2021, recognized the continued public health emergency, continued to authorize

22  video or teleconference court appearances in various cases, and noted the court's continued ability under

23  the Coronavirus Aid, Relief, and Economic Security (CARES) Act (the "Act") to continue trials and

24  other matters, excluding time under the Act.  On June 27, 2022, the Court issued General Order 652,

25  which "authorized the use of videoconference and teleconference technology in certain criminal

26  proceedings under the in the Eastern District of California."  This and previous General Orders highlight

27  and were entered to address public health concerns related to COVID-19.  Pursuant to F.R.Cr.P. 5.1(c)

28  and (d), a preliminary hearing must be held "no later than 14 days after initial appearance if the

defendant is in custody," unless the defendant consents and there is a "showing of good cause", or if the defendant does not consent and there is a "showing that extraordinary circumstances exist and justice requires the delay." Here, the defendant consents and there is good cause.

Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, 631 and 652 require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

1    In light of the societal context created by the foregoing, this Court should consider the following

2    case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

3    justice exception, § 3161(h)(7) (Local Code T4).  If continued, this Court should designate a new date

4    for the preliminary hearing.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any

5    pretrial continuance must be "specifically limited in time").

6                                                    **STIPULATION**

7            Plaintiff United States of America, by and through its counsel of record, and defendant, by and

8    through defendant's counsel of record, hereby stipulate as follows:

9            1.        By previous order, this matter was set for preliminary hearing on November 18, 2022.

10           2.        By this stipulation, defendant now moves to continue the preliminary hearing until

11   **January 6, 2023, at 2:00 p.m.** and to exclude time between November 18, 2022, and January 6, 2023,

12   under Local Code T4.

13           3.        The parties agree and stipulate, and request that the Court find the following:

14                     a)       The parties are discussing and conducting further investigation into pre-

15   indictment matters, and need additional time to conclude.

16                     b)       Counsel for defendant desires additional time to consult with her client, conduct

17   further investigation, and discuss charges with the government.

18                     c)       Counsel for defendant retained an expert who has not yet provided a report, and

19   may do that during the week of November 18, 2022.  As such, defense needs additional time to

20   review the results and consider next steps.

21                     d)       Counsel for defendant believes that failure to grant the above-requested

22   continuance would deny him the reasonable time necessary for effective preparation, taking into

23   account the exercise of due diligence.

24                     e)       The government does not object to the continuance.

25                     f)       Pursuant to F.R.Cr.P. 5.1(c) and (d), a preliminary hearing must be held "no later

26   than 14 days after initial appearance if the defendant is in custody," unless the defendant

27   consents and there is a "showing of good cause".  Here, the defendant consents and there is good

28   cause as set forth herein.

g)      Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in an indictment or trial within the original dates prescribed by the Speedy Trial Act.

h)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which an indictment must be filed and within which a trial must commence, the time period of November 18, 2022 to January 6, 2023, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy indictment/trial.

4.      Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which an indictment must be filed and a trial must commence.

IT IS SO STIPULATED.

Dated:  November 10, 2022                        PHILLIP A. TALBERT
                                                United States Attorney


                                                /s/ KIMBERLY A. SANCHEZ
                                                KIMBERLY A. SANCHEZ
                                                Assistant United States Attorney


Dated:  November 10, 2022                        /s/ CAROL ANN MOSES
                                                CAROL ANN MOSES
                                                Counsel for Defendant
                                                ETHAN ANDREW EVANS
                                                TINDUKASIRI

## **ORDER**

   IT IS SO ORDERED that the preliminary hearing is continued from November 18, 2022, to **January 6, 2023, at 2:00 p.m. before Magistrate Judge Barbara A. McAuliffe**.  Time is excluded pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv).


IT IS SO ORDERED.

   Dated:   **November 14, 2022**          _____/s/ *Barbara A. McAuliffe*_____
                                           UNITED STATES MAGISTRATE JUDGE