PHILLIP A. TALBERT
United States Attorney
KIMBERLY A. SANCHEZ
ARIN C. HEINZ
Assistant United States Attorneys
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 1:24-CR-24 JLT SKO |
|---|---|
| Plaintiff, | DEFERRED PROSECUTION AGREEMENT |
| v. | |
| ETHAN TINDUKASIRI, | |
| Defendants. | |

The United States of America, by and through Phillip A. Talbert, the United States Attorney for the Eastern District of California, and Assistant United States Attorneys Kimberly A. Sanchez and Arin C. Heinz; and defendant ETHAN TINDUKASIRI (referred to herein as "Tindukasiri") and his attorney, Carol Moses, hereby enter into this Deferred Prosecution Agreement (referred to hereinafter as the "Agreement"):

1. This document contains the complete Agreement between the United States Attorney's Office for the Eastern District of California (referred to hereinafter as the "United States") and defendant Tindukasiri regarding this case. This Agreement is limited to the United States Attorney's Office for the Eastern District of California and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

2. Defendant Tindukasiri expressly agrees:

(a) He will comply with all federal, state, and local laws.  He shall immediately contact his Pretrial supervisor if arrested and/or questioned by any law enforcement officer;

(b) He will reside at a residence approved by Pretrial Services and not move or absence himself from that residence for more than 24 hours without prior approval from Pretrial Services. He must reside with his mother/surety, Dao Tindukasiri and stepfather/third-party custodian, Josh Roberts. He must advise the pretrial services in writing before making any change to his residence or telephone number.

(c) His travel is restricted to the Eastern and Central Districts of California. He shall report to his Pretrial Services Officer as directed and keep him/her informed of his whereabouts. He is authorized to visit his family's second home located in Yucca Valley, California with prior notification and approval from Pretrial Services.

d) He is not permitted to return to Yosemite National Park for 18 months during the pendency of this agreement;

e) He must not have any contact with any of the alleged victims of the instant offense, M.V. and N.D.;

(f) He must submit to drug and/or alcohol testing as approved by the pretrial services officer. He must pay all or part of the costs of testing based on his ability to pay, as determined by the pretrial services officer.

(g) He must refrain from the use of alcohol, and any narcotic or other controlled substance without a prescription by a licensed medical practitioner. He must notify pretrial services of any prescribed medication within 48 hours. He must take all prescribed medications. Marijuana use is not permitted.

(h) He must participate in a program of medical and/or psychiatric treatment including treatment for drug or alcohol dependency, as approved by the pretrial services officer.

(i) His unsecured bond previously cosigned by his mother, Dao Tindukasiri, for $40,000 will be reduced to $10,000 and will remain in effect during the pendency of this Deferred Prosecution Agreement;

(j) He shall not possess, receive or obtain any firearms during the pendency of these proceedings. If the defendant is in possession of any firearms, he shall advise the United States, Pretrial Services, and

the Court, and temporarily relinquish possession of those firearms pending successful completion of this agreement. The logistics of the relinquishment shall be determined in consultation with the United States and Pretrial Services.

(k) Tindukasiri remains subject to Pretrial Services supervision and will report to and comply with their rules and regulations.

3. In consideration of defendant Tindukasiri's background, his role in the instant offense, and his willingness to:(i) acknowledge responsibility for his conduct, and (ii) demonstrate his future good conduct and full compliance with all federal, state, and local laws; the United States shall recommend to the Court, pursuant to 18 U.S.C. § 3161(h)(2), that prosecution of defendant Tindukasiri on the information be deferred for a period of no more than eighteen (18) months. Defendant Tindukasiri shall consent to a motion to be filed by the United States with the Court promptly upon execution of this Agreement, pursuant to 18 U.S.C. § 3161(h)(2), in which the United States will present this Agreement to the Court and move for (i) a continuance of all further criminal proceedings, including trial, for a period of not more than eighteen (18) months, (ii) speedy trial exclusion of all time covered by such a continuance, and (iii) approval by the Court of this deferred prosecution.

4. Defendant Tindukasiri further agrees to waive, and does hereby expressly waive, any and all rights to a speedy trial pursuant to the Sixth Amendment of the United States Constitution, Title 18, United States Code, Section 3161, Federal Rule of Criminal Procedure 48(b), and any applicable Local Rules of the United States District Court for the Eastern District of California, for the period of time that this Agreement is in effect.

5. Defendant Tindukasiri hereby further expressly agrees that any applicable statutes of limitations are tolled, and shall not run, for the time-period in which this Agreement is in effect. Defendant Tindukasiri agrees that, if the United States institutes charges following a breach of this Agreement, the time-period in which this Agreement is in effect shall be excluded, and shall not count for purposes of determining the running of any applicable statute of limitations.

6. Defendant Tindukasiri also agrees that, in the event of a breach of this Agreement, the government will be free to use against defendant, directly and indirectly, in any criminal or civil

proceeding, any of the statements, information, and/or materials provided by defendant pursuant to this Agreement.

7. The United States agrees that, if defendant Tindukasiri is in full compliance with all of his obligations under this Agreement, upon the expiration of the eighteen (18) month period set forth in paragraph 4 above, within thirty (30) days of the expiration of such time period the United States shall seek dismissal with prejudice, as to defendant Tindukasiri, of the Information to be filed in this case.

8. Defendant Tindukasiri understands that this Agreement to defer prosecution is subject to approval by the Court, in accordance with 18 U.S.C. § 3161(h)(2). Should the Court decline to approve a deferred prosecution for any reason, the United States and defendant Tindukasiri are released from any obligation imposed upon them by this Agreement.

9. Should the United States determine during the term of this Agreement that defendant Tindukasiri has committed any crime commenced subsequent to the date of this Agreement, the defendant shall, in the sole discretion of the United States, thereafter be subject to prosecution for any federal crimes, as well as forfeiture of assets used in and/or divestiture of profits derived from defendant's criminal conduct.

10. This Agreement sets forth all the terms of the Deferred Prosecution Agreement between the United States and defendant Tindukasiri.  Other than this Agreement, no agreement, understanding, promise, or condition exists between the United States and defendant Tindukasiri. Nor will any such agreement, understanding, promise, or condition exist unless it is committed to writing and signed by the defendant, counsel for said defendant, and counsel for the United States.  This Agreement supersedes any prior promises, agreements, or conditions between the United States and defendant Tindukasiri.

11. This Agreement is freely and voluntarily made and is not the result of force or threats, or of any promises apart from those specifically set forth in this Agreement.

12. Defendant Tindukasiri agrees that this Agreement, and an Order deferring prosecution, shall be publicly filed with the United States District Court for the Eastern District of California, and shall become a part of the record of the case.

**APPROVALS AND SIGNATURES**

A. ETHAN TINDUKASIRI: I, Ethan Tindukasiri, hereby expressly acknowledge the following:

(1) I have read this entire Agreement;

(2) I have had an opportunity to discuss this Agreement fully and freely with my attorney;

(3) I fully and completely understand each and every one of its terms;

(4) I am fully satisfied with the advice and representation provided to me by my attorney; and

(5) I have signed this agreement voluntarily.

Dated: February 7, 2024

B.  Defense Counsel: The undersigned is counsel for ETHAN TINDUKASIRI. In connection with such representation, I acknowledge that: (1) I have discussed this Agreement with my client; (2) I have fully explained each one of the Agreement's terms to my client; (3) I have fully answered each and every question put to me by my client regarding the Agreement; and (4) I believe my client completely understands all of the Agreement's terms.

Dated: February 15, 2024            By:      */s/ Carol Ann Moses*
                                             CAROL MOSES
                                             Attorney for Ethan Tindukasiri

C.  Attorney for United States: I accept and agree to this Agreement on behalf of the government.

Dated: February 15, 2024                     PHILLIP A. TALBERT
                                             United States Attorney

                                    By:      */s/ Arin C. Heinz*
                                             ARIN C. HEINZ
                                             Assistant U.S. Attorney

D.     United States District Court: The Court approves of this agreement.

IT IS SO ORDERED.

Dated:   **March 18, 2024**                  _____
                                             UNITED STATES DISTRICT JUDGE